UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SILEONI,<br><br>                Plaintiff,<br><br>   v.<br><br>TEWALT, RICHERSON, WESSELS, CHRISTENSEN, RAMIREZ, McKAY, and DERRICK,<br><br>                Defendants. | Case No. 1:22-cv-00172-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Maximiliano Sileoni filed a prisoner civil rights action and a request to proceed in forma pauperis on April 18, 2022 (mailbox rule). Dkts. 3, 1. Because of Plaintiff's status as a prisoner requesting authorization to proceed in forma pauperis, the Court must review the Complaint to determine whether it states a claim upon which he can proceed. *See* 28 U.S.C. §§ 1915 and 1915A.

To address the growing trend of frivolous civil rights actions filed by prison inmates, the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), introduced a "three strikes" provision, which precludes a prisoner from filing lawsuits or appeals in forma pauperis if he has previously filed three other actions in federal court that were dismissed on the grounds of frivolousness, maliciousness, or failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(g).  The

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

only exception is that a prisoner with three strikes may be permitted to file an in forma pauperis action if he appears to be "under imminent danger of serious physical injury." *Id*. If he is not in such danger, then he must pay the $402 filing fee at the time of filing.

Plaintiff's case history shows that, prior to the date he filed the Complaint in this action, he brought three civil actions that were dismissed for failure to state a claim or frivolousness. As a result, he is subject to the three strikes rule under 28 U.S.C. § 1915(g).

Plaintiff's cases that fit within the § 1915(g) prohibition are as follows:

- Case No. 20-cv-00500-DCN, *Sileoni v. State of Idaho*, was dismissed as frivolous on December 7, 2020. Dkt. 7.

- The appeal from dismissal of Case No. 20-cv-00500-DCN was also determined to be frivolous on October 14, 2021. Dkt. 15.

- Case No. 20-cv-00501-BLW, *Sileoni v. ISCI Paralegal*, was dismissed for failure to state a claim on April 20, 2021. Dkt. 9.

- Case No. 20-cv-502-DCN, *Sileoni v. Thomson*, was dismissed for failure to state a claim on June 3, 2021. Dkt. 18.

- Case No. 20-cv-00508-BLW, *Sileoni v. IDOC Staff*, was dismissed as frivolous on January 1, 2021. Dkt. 15.

- Case No. 20-cv-00557-DCN, *Sileoni v. Idaho Parole Board*, was dismissed for failure to state a claim on September 1, 2021. Dkt. 14.

- Case No. 21-cv-00006-BLW, *Sileoni v. Shelby*, was dismissed for failure to state a claim on November 5, 2021. Dkt. 12.

- Case No 21-cv-00038-DCN, *Sileoni v. IRS*, was dismissed for failure to state a claim on February 25, 2022. Dkt. 14.

In the current case, Plaintiff alleges that the prison's current commissary contracted provider is unacceptable and inadequate because it does not sell packaged pork meat, cow meat, single-pack meat in sauce or brine, tomatoes, mustard, chilis, barbeque, butter, honey, sardines, fish steak, salmon, oysters, tuna, crab meat, octopus, mackerel, shrimp, soy sauce, sharp cheddar cheese, squeeze cheese, tortilla, potatoes, oatmeal, corn, pickles, powdered milk, certain religious items, and muscle-building supplements. He complaints that the commissary does not have multiple varieties of Ramen noodles, pasta noodles, rice, beans and nuts. Plaintiff complains that the products offered are of poor qualify and overpriced.

There are no allegations in the Complaint showing that Plaintiff is under imminent danger of serious physical injury, which would permit him to bypass the three strikes requirement of having to pay the filing fee for this action. Therefore, if Plaintiff desires to pursue his claims, he must pay the filing fee.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for in Forma Pauperis Status (Dkt. 1) is DENIED.

2. Within **14 days** after entry of this Order, Plaintiff must pay the filing fee of $402.

   If he does not, this case will be dismissed without prejudice without further notice.

DATED: October 4, 2022

B. Lynn Winmill
U.S. District Court Judge